UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald G. Johnson,                        Case No. 4: 21-cv-749

         Petitioner

    v.

Ohio Department of Rehabilitation          MEMORANDUM OPINION
Correction,                                     AND ORDER

         Respondent

*Pro se* Petitioner Ronald G. Johnson, an Ohio prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner is serving an indefinite sentence of seven to twenty-five years in connection with a 1987 voluntary manslaughter conviction in the Montgomery County Court of Common Pleas, plus an aggregated sentence for multiple convictions in Adams, Fayette, and Highland counties for offenses he committed while on parole. In his petition, he challenges the calculation of his state sentences.

Federal district courts must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254; *see also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack of merit on their face). Dismissal of a petition is warranted "when the petition is frivolous, or obviously lacking

1

in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen*, 424 F.2d at 141.

Upon review, I find that the petition must be summarily dismissed.

Petitioner has already, repeatedly, challenged the calculation of his state sentences pursuant to § 2254. His most recent petition was transferred to the Sixth Circuit Court of Appeals, and he was clearly informed of the requirement that he obtain authorization from the Sixth Circuit Court of Appeals before filing a second or successive petition. *See Johnson v. Supreme Court of Ohio,* Case No. 4: 21 CV 696 (N.D. Ohio July 22, 2021) (summarizing five prior petitions filed by Petitioner).

Petitioner has not represented that he has obtained authorization to file a second or successive petition challenging the calculation of his state sentences, and a prior petition he filed challenging the same state sentences has already been transferred to the Sixth Circuit Court of Appeals. This additional petition is therefore repetitive and frivolous.

Accordingly, I am dismissing the petition pursuant to § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. In light of this ruling, all of the remaining pending motions Petitioner has filed in this case (Doc. Nos. 2, 5, 6, 7, 8, 9, 12, 15, 16, 17, 18, and 21) are denied as moot. I further certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
